UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Sony Pictures Home Entertainment Inc.<br>10202 West Washington Blvd.<br>Culver City, CA 90232;<br><br>Universal City Studios Productions LLLP<br>100 Universal City Plaza<br>Universal City, CA 91608;<br><br>Warner Bros. Entertainment Inc.<br>4000 Warner Blvd.<br>Burbank, CA 91505;<br><br>Columbia Pictures Industries, Inc.<br>10202 West Washington Blvd.<br>Culver City, CA 90232;<br><br>Disney Enterprises, Inc.<br>500 South Buena Vista Street<br>Burbank, CA 91521;<br><br>Paramount Pictures Corporation<br>5555 Melrose Avenue<br>Los Angeles, CA 90038;<br><br>Lucasfilm Ltd.<br>5858 Lucas Valley Road<br>Nicasio, CA 94946; and<br><br>Twentieth Century Fox Film Corporation<br>10201 West Pico Blvd.<br>Los Angeles, CA 90064.<br><br>      Plaintiffs,<br><br>v.<br><br>      DOES 1 - 17,<br><br>      Defendants. | Civil Action No.: _____ |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiffs, by their attorneys, for their complaint against Defendants, allege:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*).

2. This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a). Although the true identity of each Defendant is unknown to the Plaintiffs at this time, on information and belief, each Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District. On information and belief, personal jurisdiction in this District is proper because each Defendant, without consent or permission of the Plaintiff exclusive rights owner, distributed and offered to distribute over the Internet copyrighted works for which the respective Plaintiffs have exclusive rights. Such unlawful distribution occurred in every jurisdiction in the United States, including this one. In addition, each Defendant contracted with an Internet Service Provider found in this District to provide each Defendant with access to the Internet.

## PARTIES

4. Plaintiffs Sony Pictures Home Entertainment Inc., Universal City Studios Productions LLLP, Warner Bros. Entertainment Inc., Columbia Pictures Industries, Inc., Disney Enterprises, Inc., Paramount Pictures Corporation, Lucasfilm Ltd. and Twentieth Century Fox Film Corporation (collectively, the "Plaintiffs") are among the world's leading creators and distributors of motion pictures. Plaintiffs bring this action to stop Defendants from copying and distributing to others over the Internet unauthorized copies of the Plaintiffs' copyrighted motion pictures. Defendants' infringements allow them and others unlawfully to obtain and distribute for free unauthorized copyrighted works that the Plaintiffs spend millions of dollars to create and/or distribute. Each time a Defendant unlawfully distributes a free copy of one of the Plaintiffs' copyrighted motion pictures to others over the Internet, each person who copies that

motion picture can then distribute that unlawful copy to others without any significant degradation in sound and picture quality. Thus, a Defendant's distribution of even one unlawful copy of a motion picture can result in the nearly instantaneous worldwide distribution of that single copy to a limitless number of people. The Plaintiffs now seek redress for this rampant infringement of their exclusive rights.

5. Plaintiff Sony Pictures Home Entertainment Inc. is a Delaware corporation, with its principal place of business at 10202 West Washington Boulevard, Culver City, California. Sony Pictures Home Entertainment Inc. ("SPHE") is engaged in the production, acquisition and distribution of motion pictures for theatrical exhibition, home entertainment and other forms of distribution. SPHE is the owner of the copyrights and/or the pertinent exclusive rights under copyright in the United States in motion pictures, including those indicated on Exhibit A, which have been unlawfully distributed over the Internet by the Defendants.

6. Plaintiff Universal City Studios Productions LLLP is a Delaware limited liability limited partnership, with its principal place of business at 100 Universal City Plaza, Universal City, California. Universal City Studios Productions LLLP ("Universal") is engaged in the production, acquisition and distribution of motion pictures for theatrical exhibition, home entertainment and other forms of distribution. Universal is the owner of the copyrights and/or the pertinent exclusive rights under copyright in the United States in motion pictures, including those identified in Exhibit A, which have been unlawfully distributed over the Internet by the Defendants.

7. Plaintiff Warner Bros. Entertainment Inc. is a Delaware corporation, with its principal place of business at 4000 Warner Boulevard, Burbank, California. Warner Bros. Entertainment Inc. ("Warner") is engaged in the production, acquisition and distribution of motion pictures for theatrical exhibition, home entertainment and other forms of distribution. Warner is the owner of the copyrights and/or the pertinent exclusive rights under copyright in the United States in motion pictures, including those identified in Exhibit A, which have been unlawfully distributed over the Internet by the Defendants.

8. Plaintiff Columbia Pictures Industries, Inc. is a Delaware corporation, with its principal place of business at 10202 West Washington Boulevard, Culver City, California. Columbia Pictures Industries, Inc. ("Columbia") is engaged in the production, acquisition and distribution of motion pictures for theatrical exhibition, home entertainment and other forms of distribution. Columbia is the owner of the copyrights and/or the pertinent exclusive rights under copyright in the United States in motion pictures, including those identified in Exhibit A, which have been unlawfully distributed over the Internet by the Defendants.

9. Plaintiff Disney Enterprises, Inc. ("Disney") is a Delaware corporation, with its principal place of business at 500 South Buena Vista Street, Burbank, California. Among other things, Disney or one or other of its subsidiaries, is engaged in the production, acquisition and distribution of motion pictures for theatrical exhibition, home entertainment and other forms of distribution. Disney is an owner of the copyrights and/or the pertinent exclusive rights under Copyright Law in the United States in certain motion picture works, including those indicated on Exhibit A, which have been unlawfully distributed over the Internet by the Defendants.

10. Plaintiff Paramount Pictures Corporation is a Delaware corporation, with its principal place of business at 5555 Melrose Avenue, Los Angeles, California. Paramount Pictures Corporation ("Paramount") is engaged in the production, acquisition and distribution of motion pictures for theatrical exhibition, home entertainment and other forms of distribution. Paramount is the owner of the copyrights and/or the pertinent exclusive rights under copyright in the United States in motion pictures, including those identified in Exhibit A, which have been unlawfully distributed over the Internet by the Defendants.

11. Plaintiff Lucasfilm Ltd. is a California corporation, with its principal place of business at 5858 Lucas Valley Road, Nicasio, California. Lucasfilm Ltd. ("Lucasfilm") is engaged in the production, distribution and merchandising of motion pictures for theatrical exhibition, home entertainment and other forms of distribution. Lucasfilm is the owner of the copyrights and/or the pertinent exclusive rights under copyright in the United States in motion

pictures, including those identified in Exhibit A, which have been unlawfully distributed over the Internet by the Defendants.

12. Plaintiff Twentieth Century Fox Film Corporation is a Delaware corporation, with its principal place of business at 10201 West Pico Boulevard, Los Angeles, California. Twentieth Century Fox Film Corporation ("Fox") is engaged in the production, acquisition and distribution of motion pictures for theatrical exhibition, home entertainment and other forms of distribution. Fox is the owner of the copyrights and/or the pertinent exclusive rights under copyright in the United States in motion pictures, including those identified in Exhibit A, which have been unlawfully distributed over the Internet by the Defendants.

13. The true names of Defendants are unknown to the Plaintiffs at this time. Each Defendant is known to the Plaintiffs only by the Internet Protocol ("IP") address assigned to that Defendant by his or her Internet Service Provider on the date and at the time at which the infringing activity of each Defendant was observed. The IP address of each Defendant, together with the date and time at which his or her infringing activity was observed, is included on Exhibit A hereto. The Plaintiffs believe that information obtained in discovery will lead to the identification of each Defendant's true name and permit the Plaintiffs to amend this Complaint to state the same.

## COUNT I

### INFRINGEMENT OF COPYRIGHTS

14. The Plaintiffs are responsible for the creation, development, production and distribution of numerous commercially released motion pictures.

15. At all relevant times the Plaintiffs have been the holders of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, for certain copyrighted motion pictures, including but not limited to the copyrighted motion pictures listed on Exhibit A to this Complaint (collectively, the "Copyrighted Motion Pictures"). Each of the Copyrighted Motion Pictures is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights as specified on Exhibit A.

16. Each of the Copyrighted Motion Pictures contains a copyright notice advising the viewer that the motion picture is protected by the copyright laws.

17. The Plaintiffs are informed and believe that each Defendant, without the permission or consent of the Plaintiffs, has used, and continues to use, an online media distribution system to distribute to the public, including by making available for distribution to others, certain of the Copyrighted Motion Pictures. Exhibit A identifies on a Defendant-by-Defendant basis (one Defendant per page) the Copyrighted Motion Pictures that each Defendant has, without the permission or consent of the Plaintiffs, distributed to the public, including by making available for distribution to others. In doing so, each Defendant has violated the Plaintiffs' exclusive rights of reproduction and distribution. Each Defendant's actions constitute infringement of the Plaintiffs' exclusive rights protected under the Copyright Act of 1976 (17 U.S.C. § 101 *et seq.*).

18. The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of the Plaintiffs.

19. As a result of each Defendant's infringement of the Plaintiffs' exclusive rights under copyright, the Plaintiffs are entitled to relief pursuant to 17 U.S.C. § 504, and to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

20. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court will continue to cause, the Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. The Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, the Plaintiffs are entitled to injunctive relief prohibiting each Defendant from further infringing the Plaintiffs' copyrights and ordering that each Defendant destroy all copies of Copyrighted Motion Pictures made in violation of the Plaintiffs' copyrights.

WHEREFORE, the Plaintiffs pray for judgment against each Defendant as follows:

1. For entry of preliminary and permanent injunctions providing that Defendant shall be enjoined from directly or indirectly infringing the Plaintiffs' rights in the Copyrighted Motion Pictures and any motion picture, whether now in existence or later created, that is owned or controlled by the Plaintiffs ("the Plaintiffs' Motion Pictures"), including without limitation by using the Internet to reproduce or copy any of the Plaintiffs' Motion Pictures, to distribute any of the Plaintiffs' Motion Pictures, or to make any of the Plaintiffs' Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of the Plaintiffs. Defendant also shall destroy all copies of the Plaintiffs' Motion Pictures that Defendant has downloaded onto any computer hard drive or server without the Plaintiffs' authorization and shall destroy all copies of those downloaded motion pictures transferred onto any physical medium or device in Defendant's possession, custody, or control.

2. For actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of the Plaintiffs.

3. For the Plaintiffs' costs.

4. For the Plaintiffs' reasonable attorneys' fees.

     5.    For such other and further relief as the Court deems proper.

Respectfully submitted,

Dated: 9/27/05

_/s/ Christopher A. Mohr_
Stanley M. Brand (D.C. Bar No. 213082)
Ross A. Nabatoff (D.C. Bar No. 376665)
Andrew D. Herman (D.C. Bar No. 462334)
Brand Law Group
923 Fifteenth Street, N.W.
Washington, DC 20005
Tel. (202) 662-9700
Fax (202) 737-7565

Christopher A. Mohr (D.C. Bar No. 458599)
Michael R. Klipper (D.C. Bar No. 166074)
MEYER, KLIPPER & MOHR, PLLC
923 Fifteenth Street, N.W.
Washington, DC 20005
Tel.: (202) 637-0850
Fax: (202) 637-0851

*Attorneys for Plaintiffs*

Case 1:05-cv-01909-JGP    Document 1    Filed 09/28/2005    Page 8 of 8